# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MARK J. SCHWARTZ,

              Plaintiffs,

vs.

CLARK COUNTY, NEVADA, *et al.*,

              Defendants.

2:13–cv–709–JCM–VCF

**ORDER**

      Before the court is Plaintiff Mark J. Schwartz motion to compel (#21). Defendant Clark County filed an opposition (#23); and Schwartz replied (#24).

      This matter involves a civil rights action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Civil Rights Act of 1871. (*See* Notice of Removal #1) at 2). In the motion before the court, Schwartz asks the court to compel Defendants to produce documents related to: (1) the layoff decision made by the Business Licensing Department for Clark County in June 2010 and (2) the transfer and/or reclassificiation of any business Licesning Department employees from January 2008 to July 2010. (Pl.'s Mot. to Compel (#21) at 1:23–26).

      Schwartz's motion is not without merit. Nonetheless, the court denies Schwartz's motion without prejudice for two reasons. First, Schwartz's motion is untimely. Discovery closed on November 26, 2013. (*See* Disc. Plan (#14) at 1:26). Schwartz's motion was not filed until December 26, 2013, exactly one month after the close of discovery. Schwartz has not citied any law or made any legal argument that would persuade the court to entertain his motion after the close of discovery.

Second, Schwartz concedes that the parties failed to meet and confer before filing the instant motion. (*See* Pl.'s Reply (#24) at 3:1). Federal Rule of Civil Procedure 37(a)(1) requires a party seeking to compel discovery responses to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, Local Rule 26–7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after **personal** consultation and **sincere** effort to do so, the parties have been unable to resolve the matter without Court action." LR 26–7(b) (emphasis added).

The meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26–7(b) serve important purposes. Compliance lessens "the burden on the court and reduce[s] the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*. Schwartz's motion appears ripe for resolution by meet and confer.

/// /// ///

/// /// ///

/// /// ///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's motion to compel (#21) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 13th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE