**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MARK SCHWARTZ,

          Plaintiff,

vs.

CLARK COUNTRY, *et al.*,

          Defendants.

2:13–cv–709–JCM–VCF

**ORDER**

This matter involves Mark Schwartz's civil rights action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. Before the court is Schwartz's motion for reconsideration (#28[1]). Defendant Clark County filed an opposition (#30). For the reasons stated below, Schwartz's motion is granted and supplemental briefing will be allowed regarding the pending summary judgment motion (#22) if the ordered search of Defendants' records produces responsive documents.

**BACKGROUND**

Discovery closed on November 26, 2013. (*See* Disc. Plan (#14) at 1:26). On December 26, 2013, Schawartz filed a motion to compel. (Pl.'s Mot. to Compel #21). By the motion, Schwartz asked the court to reopen discovery and compel Defendants to produce documents related to (1) the layoff decision made by the Business Licensing Department for Clark County in June 2010 and (2) the transfer and/or reclassification of any business Licensing Department employees from January 2008 to July 2010. (Pl.'s Mot. to Compel (#21) at 1:23–26).

---

[1] Parenthetical citations refer to the court's docket.

1

On January 13, 2014, the court denied Schwartz's motion without prejudice because it was unclear from the face of Schwartz's motion whether it was meritorious. (*See* Jan. 13 Order (#25) at 1:20). Accordingly, the court instructed Schwartz to cure two problems: (1) "cite[] any law or [make] any legal argument that would persuade the court to entertain his motion [to compel] after the close of discovery" and (2) meet and confer. (*Id*. at 1:24–25, 2:1).

## LEGAL STANDARD

While Schwartz styled his motion as one for reconsideration, the court's order was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). *See, e.g*., *Henry v. Rizzolo*, No. 8–00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8–0353, 2010 WL 1727841, at *1–2 (D.Nev.2010)); *see also Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1

2

(citing *Frasure v. U.S.*, 256 F. Supp. 2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

## DISCUSSION

Schwartz's renewed motion is bereft of any legal analysis under Rule 16, which governs discovery plans and scheduling orders, or any legal analysis regarding motions to compel. (*See* Pl.'s Mot. to Compel (#28) at 2–3). Nonetheless, Schwartz presented facts of a "strongly convincing nature" in support his motion. *Henry*, 2010 WL 3636278, at *1 (citing *Frasure*, 256 F. Supp. 2d at 1183). Schwartz's declaration states that Defense Counsel "admitted she has not turned over documents related to the August 2009 title changes" that were requested during discovery because of an apparent sematic disagreement concerning the terms "title change" and "change of classification." (Chapman Decl. (#28-1) at ¶ 2). During the court's April 2, 2014 hearing, Defense Counsel confirmed that this is the case. (*See* Mins. Proceedings #31).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mark Schwartz's motion for reconsideration (#28) is GRANTED.

IT IS FURTHER ORDERED that Defendants will complete a search by April 18, 2014 according to the following parameters:

- Time period: November 1, 2008 through September 30, 2009;
- Senders/Recipients: Jaqueline Holloway, Mike Harwell, T. Ann Perez, the then Director of Human Resources and/or any Human Resources personnel then working on the title changes at issue; and,
- Subject: title changes.

3

IT IS FURTHER ORDERED that the parties will file a NOTICE by April 21, 2014 that states whether the parties will need to supplement their summary judgment papers in light of the additional discovery. If supplemental briefing is required, Plaintiff's supplemental opposition to Defendants' motion for summary judgment is due by May 5, 2014; and Defendants' supplemental reply in support of Defendants' motion for summary judgment is due by May 19, 2014.

IT IS SO ORDERED.

DATED this 2nd day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE