UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK J. SCHWARTZ,<br><br>  Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY, NEVADA, and<br>JACQUELINE R. HOLLOWAY,<br><br>  Defendant(s). | 2:13-CV-709 JCM (VCF) |

**ORDER**

Presently before the court is a motion for summary judgment filed by defendants Clark County and Jacqueline Holloway. (Doc. # 22). The plaintiff, Mark Schwartz, responded in opposition, (doc. # 26), the defendants replied, (doc. # 29), and the plaintiff filed a supplemental briefing to his opposition, (doc. # 40).

The instant case involves claims of (1) discrimination based on the plaintiff's disability under the Americans with Disabilities Act ("ADA") and N.R.S. § 613.330; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and N.R.S. § 613.330; and (3) violation of the plaintiff's constitutional rights by defendant Jacqueline Holloway in her capacity as director of business licensing for Clark County, Nevada, under 42 U.S.C. § 1983.

**I. Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

**James C. Mahan**
**U.S. District Judge**

show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045

- 2 -

1  (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings
2  and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See*
3  *Celotex Corp.*, 477 U.S. at 324.

4      At summary judgment, a court's function is not to weigh the evidence and determine the truth,
5  but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477
6  U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences
7  are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely
8  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

9  **II. Background**

10     The plaintiff began his employment with defendant Clark County as an auditor on August 17,
11 1992. In 2000, the plaintiff was promoted to senior management analyst in the Clark Country
12 Business License Department ("BL"). During his employment he was given positive performance
13 evaluations and was not disciplined by supervisors. It is undisputed that the plaintiff is disabled and
14 that he requested and received an ADA accommodation for his workplace in either 2007 or 2008.
15 During the plaintiff's employment, it is undisputed that defendant Holloway had significantly less
16 interaction with the plaintiff than any other employee in the management analyst classification.

17     In 2008, Clark County Human Resources ("HR") began a review of the management analyst
18 classification to determine appropriate class titles. The plaintiff participated in the review, completing
19 a "job description questionnaire" which was part of the 2008 county-wide "management analyst
20 study" ("MA study"). In August 2009, HR recommended seventeen job title changes for the forty-four
21 employees in the management analyst job classification. HR also recommended that three of the five
22 employees at BL who held management analyst classification titles change those titles as a result of
23 the MA study. The plaintiff was not one of the employees recommended for a title change.

24     In February 2009, defendant Holloway was instructed by the county manager to implement
25 an 8% budget reduction through layoffs and defendant Holloway decided to eliminate a senior
26 management analyst from BL. The plaintiff, after the classification changes, was the only remaining
27 senior management analyst and was laid off in July 2010 when the process was executed. Although
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

the plaintiff had significant seniority, the collective bargaining agreement between Clark County and the union provided that seniority considerations be confined to classifications. The plaintiff appealed to the union layoff review committee pursuant to the collective bargaining agreement, which affirmed the seniority/classification determination and thereby his layoff.

Following the failed appeal, the plaintiff timely filed claims of age and disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Nevada Equal Rights Commission ("NERC"). The EEOC issued a reasonable cause determination regarding the plaintiff's disability discrimination claim but not his age discrimination claim. The Department of Justice then issued the plaintiff a right-to-sue letter, making both claims actionable in federal court. After receiving a right-to-sue letter, the plaintiff filed the instant action.

**III.  Analysis**

At summary judgment, both ADA and ADEA claims are to be analyzed through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this analysis, plaintiffs must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). "Establishing a prima facie [] case in response to a motion for summary judgment requires only minimal proof and does not even need to rise to the level of a preponderance of the evidence." *Palmer v. Pioneer Assocs, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (internal citations and quotations omitted).

**A. Prima Facie Case**

**I. Civil Rights § 1983 Constitutional Claims**

In order to establish municipal liability under § 1983, the plaintiff must show that liability is based upon the enforcement of a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The plaintiff provides no evidence that a discriminatory policy or practice enacted by the municipality existed. Therefore summary judgment is granted in the defendants' favor as to this claim.

**ii. Disability Discrimination Under the ADA**

The ADA prohibits covered employers from discriminating against their employees on the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  basis of disability. 42 U.S.C. § 12112(a). To establish a prima facie case for failure to accommodate
2  and wrongful employment termination under the ADA, the plaintiff must establish: (1) that he is a
3  disabled person within the meaning of the ADA; (2) that he is qualified to perform the essential
4  functions of his job with reasonable accommodation; and (3) that he suffered an adverse employment
5  action because of his disability. *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Kennedy*
6  *v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

7  In the instant case, it is undisputed that the plaintiff is disabled within the meaning of the ADA
8  and that he is qualified to perform the essential functions of his job with reasonable accommodation.
9  The only contested issue is the plaintiff's claim that he was terminated *because* of his disability.

10  **iii. Age Discrimination Under the ADEA**

11  To establish a prima facie case under the ADEA, plaintiff must present evidence showing: (1)
12  he is a member of a protected class (at least age forty); (2) he was performing his job in a satisfactory
13  manner; (3) he suffered an adverse employment action (discharge); and (4) that similarly situated
14  individuals outside his protected class were treated more favorably or he was replaced by substantially
15  younger employees with equal or inferior qualifications. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
16  1281 (9th Cir. 2000). Where the discharge results from a general reduction in force, the plaintiff must
17  show through circumstantial, statistical, or direct evidence that the discharge occurred under
18  circumstances giving rise to an inference of discrimination. *Id.*

19  There is no dispute that the plaintiff is over forty, had exemplary performance evaluations and
20  was never disciplined or complained about by his supervisors. Furthermore, even though plaintiff was
21  not "replaced" in the conventional sense, his duties were absorbed by a younger employee. Therefore
22  the only issue is whether the plaintiff has provided evidence to support an inference of discrimination.

23  **B. Legitimate, Nondiscriminatory Reasons**

24  "If plaintiffs establish a prima facie case, the burden of production, not of persuasion, shifts
25  to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action."
26  *Hawn*, 615 F.3d at 1155 (internal citations and quotations omitted). "If defendant meets this burden,
27  plaintiffs must then raise a triable issue of material fact as to whether the defendant's proffered
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  reasons for their terminations are mere pretext for unlawful discrimination." *Id.*

2  In the instant case, the defendants' evidence indicates that the plaintiff was terminated due to
3  budget cuts which resulted in a general reduction of the workforce. Therefore, under the *McDonnell*
4  *Douglas* test, the burden shifts back to the plaintiff in order to show the proffered reason was
5  pretextual.

6  **C. Pretext**

7  "A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's
8  proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not
9  believable, or (2) directly, by showing that unlawful discrimination more likely motivated the
10 employer." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1171 (9th Cir. 2007) (internal citations, quotations,
11 and alterations omitted). "All the evidence as to pretext–whether direct or indirect–is to be considered
12 cumulatively." *Id.*

13 Although it is undisputed that the decision to cut costs by laying off workers was the reason
14 for the plaintiff's termination, it is the plaintiff's position that the change in classifications was
15 manipulated to disguise defendant Holloway's intention to discriminate against the plaintiff. (Doc.
16 # 26, p. 10). The plaintiff alleges that by removing less senior employees from the classification, the
17 defendants facilitated his termination under the pretext of the layoff plan. (Doc. # 26, p. 5).

18 The plaintiff supports this claim by noting the defendants' initial failure to produce a memo
19 showing defendant Holloway's participation in the title-change process, participation which she
20 previously denied. (Doc. # 26, p. 13). The plaintiff also claims that the title change did not alter any
21 individual's pay or duties. The plaintiff also points to the testimony of Sherri Powell, another
22 employee who declined a title change–and was subsequently laid off. Powell testified there was some
23 controversy regarding the timing of the title changes. However she also stated that she never
24 witnessed any discriminatory comments regarding the plaintiff. (Doc. # 22, Ex. H, pg. 36, ll.16-31).

25 Specifically relating to his ADEA claim, the plaintiff notes that all of the employees who were
26 laid off, who were not offered a title change, were over forty years of age, which he believes to be
27 suspect in a system that is apparently seniority based. In regard to the ADA claim, the plaintiff claims

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  that defendant Holloway moved him into a "secluded location," isolating him from co-workers,
2  refused to assign him "special projects" which were given to other similarly situated employees, took
3  away his duties, questioned him about being given a preferred parking space, and did not offer a title
4  change. Plaintiff claims to have been the only disabled employee in BL. (Doc. # 26, p. 13, 11-12).

5        The plaintiff also cites to the EEOC's finding of probable cause in support of his ADA claim.
6  (Doc. # 26, p. 8). However this is of little value as EEOC findings, standing alone, are insufficient
7  to create a genuine issue of material fact. *See Moreno v. Salt River Project*, 400 F.3d 1207, 1215 (9th
8  Cir. 2005); *see also Coleman*, F.3d 1271 at 1283-84.

9  **IV. Conclusion**

10       In the instant case, the evidence on the record would force jurors to resolve plaintiff's claims
11 using only speculation and conclusory allegations. The plaintiff has identified no direct evidence that
12 the explanation for his termination was pretextual, whether that be disparaging remarks or negative
13 comments regarding age or disability, either directed at the plaintiff or in general.

14       Additionally, there is no circumstantial evidence to connect the plaintiff's age or disability to
15 his layoff. The defendants have put forward a legitimate reason, the need to generally reduce the
16 workforce, for the plaintiff's termination, and have provided evidence to support this explanation. The
17 defendants have also produced evidence supporting their elimination of specific positions. (Doc. #
18 22, p. 12).

19       Furthermore, there is no evidence indicating a discriminatory purpose in either the title
20 changes or the reduction in force. Defendant Holloway participated in the study, suggesting a title
21 change for her subordinate, Michael Harwell. (Doc. # 29, p. 7). Defendant Holloway and her staff
22 may have also attempted to change Sherri Powell's title. (Doc. # 40, p. 2).

23       However, defendant Holloway's participation does not support the plaintiff's assertion that
24 the study was performed for discriminatory purposes. This is especially clear when taking into
25 account that the title changes were recommended in the spring of 2009, prior to defendant Holloway
26 receiving notice of the workforce reduction in February 2010. (Doc. # 22, Ex. D, p. 28-39). Even
27 assuming defendant Holloway had knowledge of impending layoffs and attempted to manipulate the
28

**James C. Mahan**
**U.S. District Judge**

classification of employees, there is no evidence that the plaintiff was subject to such manipulation as a result of age- or disability-based discrimination.

Therefore, the court will grant the defendants' motion for summary judgment in its entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion for summary judgment (doc. # 22) be, and the same hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED July 16, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**