UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK J. SCHWARTZ,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CLARK COUNTY, NEVADA, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:13-CV-709 JCM (VCF)<br><br>ORDER |

　　　Presently before the court is a motion for attorney's fees filed by defendants Clark County and Jacqueline R. Holloway (hereinafter "defendants"). (Doc. # 50). Plaintiff Mark J. Schwartz (hereinafter "plaintiff") filed a response, (doc. # 52), and defendants filed a reply, (doc. # 54).

**I.　Background**

　　　Plaintiff worked as an auditor and senior management analyst for defendant Clark County. He was laid off after the county implemented a budget reduction. (Doc. # 23-1). Plaintiff filed timely charges with the United States Equal Opportunity Commission ("EEOC") and Nevada Equal Rights Commission ("NERC") alleging that he was laid off due to his age and disability. (Doc. # 27-2).

　　　The EEOC issued a determination finding reasonable cause to believe plaintiff was laid off because of his disability, but made no finding regarding the allegations of age discrimination. (Doc. # 27-3). Plaintiff received a right to sue letter for his disability discrimination claim. (Doc. # 27-4).

　　　Plaintiff brought the instant case in state court for disability discrimination under the Americans with Disabilities Act ("ADA") and Nevada Revised Statute § 613.330; age discrimination under the Age Discrimination in Employment Act ("ADEA"); and alleged

**James C. Mahan**
**U.S. District Judge**

violations of 42 U.S.C. § 1983 ("section 1983").  On April 25, 2013, defendants removed the case to this court.  (Doc. # 1).

On December 26, 2013, defendants filed a motion for summary judgment.  (Doc. # 22).  Plaintiff filed a response, (doc. # 26), defendants filed a reply, (doc. # 29), and plaintiff filed a supplemental brief, (doc. # 40).  On July 16, 2014, the court granted defendants' motion for summary judgment.  (Doc. # 43).

On July 30, 2014, defendants filed the instant motion for attorney's fees as prevailing party. (Doc. # 50).

**II.    Legal Standard**

Litigants must generally pay their own attorney's fees.  *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  However, the ADA provides that "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . ."  42 U.S.C. § 12205.  Additionally, title 42 U.S.C. § 1988 allows attorney's fees for cases brought under section 1983.  42 U.S.C. § 1988.

A prevailing defendant in a civil rights action is entitled to an award of attorney's fees where the plaintiff's action is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Attorney's fees in section 1983 actions are awarded based on an identical standard. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

In *Christianburg*, the Supreme Court noted that the district court must resist the "understandable temptation to engage in *post hoc* reasoning" and find that the action was without foundation simply because a plaintiff has unsuccessfully pursued a claim.  *Christianburg*, 434 U.S. at 421-22.  Rather, attorney's fee provisions are intended to protect defendants from "litigation having no legal or factual basis." *Id.* at 420.

**III.    Discussion**

Defendants argue that they are entitled to an award of attorney's fees because plaintiff presented no evidence to support any of his claims.  (Doc. # 50).  Further, defendants contend that "it was unreasonable for Plaintiff to pursue the litigation after he learned neither his age nor disability had any connection to his lay off." (Doc. # 50).

**James C. Mahan
U.S. District Judge**

1   Plaintiff responds that attorney's fees are inappropriate because the EEOC found a
2 reasonable basis for his disability discrimination claim. (Doc. # 52). Additionally, plaintiff
3 argues that the court "established a presumption of discrimination" by finding that plaintiff had
4 established a prima facie case for both age and disability discrimination. (Doc. # 52).

5   In ruling on defendants' motion for summary judgment, the court applied the burden-
6 shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This test
7 requires the plaintiff to establish a prima facie case of discrimination, but this "requires only
8 minimal proof and does not even need to rise to the level of a preponderance of the evidence."
9 *Palmer v. Pioneer Assocs., Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003).

10   The court first found that plaintiff failed to meet the summary judgment standard for a
11 prima facie case on his § 1983 claim. (Doc. # 43). The court recognized that plaintiff failed to
12 provide any evidence of a discriminatory policy or practice. (Doc. # 43). Therefore, the court
13 granted summary judgment on plaintiff's § 1983 claim on these grounds. (Doc. # 43).

14   With regard to plaintiff's discrimination claims, the court noted that plaintiff is disabled
15 within the meaning of the ADA and is over forty. (Doc. # 43). Therefore, the court found that
16 plaintiff was entitled to assert claims under the ADA and ADEA. (Doc. # 43). The court further
17 acknowledged that plaintiff was qualified to perform his job and was never disciplined. (Doc. #
18 43). The court explained that the only contested issues were thus whether plaintiff provided
19 evidence to support inferences of discrimination on the grounds of age and disability. (Doc. #
20 43).

21   The court concluded that plaintiff had only presented "speculation and conclusory
22 allegations," and that he provided "no direct evidence that his termination was pretextual."
23 (Doc. # 43). The court also noted that "there is no circumstantial evidence to connect the
24 plaintiff's age or disability to his layoff." (Doc. # 43). Because defendant Clark County's
25 budget cuts constituted a legitimate reason for plaintiff's layoff and plaintiff lacked evidence of
26 discrimination, summary judgment was granted on these claims. (Doc. # 43).

27   . . .
28   . . .

**James C. Mahan**
**U.S. District Judge**


Plaintiff's EEOC determination letter found reasonable cause for his disability discrimination claim and made no finding on his age discrimination claim. On this basis, the court is unable to find that plaintiff's claims had "no legal or factual basis," despite his inability to provide evidence precluding summary judgment. *Christianburg*, 434 U.S. at 420; *see also Mitchell v. Office of Los Angeles Cty. Superintendent of Schs.*, 805 F.2d 844, 847 (9th Cir. 1986) (denying attorney's fees based on EEOC finding of reasonable cause).

The relevant attorney's fee provisions were "not designed as a general penalty provision for unsuccessful plaintiffs." *Mitchell*, 805 F.2d at 847. Pursuant to the legal standard above, such fees should only be awarded where plaintiff's claims were completely without merit. Based on the EEOC's findings and the fact that plaintiff was laid off when younger, less superior employees were retained, the court cannot find that plaintiff's claims were frivolous.

Similarly, while plaintiff failed to show sufficient facts supporting his section 1983 claim to preclude summary judgment, the court does not find that this claim was frivolous or completely without foundation. *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (denying attorney's fees despite granting motion to dismiss section 1983 action for failure to state a claim upon which relief could be granted). Accordingly, the motion for attorney's fees will be denied.

**IV.  Conclusion**

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion for attorney's fees, (doc. # 50), be, and the same hereby is, DENIED.

DATED September 11, 2014.

_____
UNITED STATES DISTRICT JUDGE