UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK J. SCHWARTZ,<br><br>        Plaintiff(s),<br><br>  v.<br><br>CLARK COUNTY, NEVADA, et al.,<br><br>        Defendant(s). | Case No. 2:13-CV-709 JCM (VCF)<br><br>ORDER |

  Presently before the court is plaintiff Mark J. Schwartz's (hereinafter "plaintiff") motion to retax the bill of costs filed by defendants Clark County Nevada and Jacqueline R. Holloway (hereinafter "defendants"). (Doc. # 47). Defendants filed a response. (Doc. # 51). Plaintiff did not file a reply, and the deadline has now passed.

**I. Background**

  Plaintiff brought the instant case in state court for alleged violations of the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1983, and Nevada Revised Statute § 613. On April 25, 2013, defendants removed the case to this court. (Doc. # 1).

  On December 26, 2013, defendants filed a motion for summary judgment. (Doc. # 22). Plaintiff filed a response, (doc. # 26), defendants filed a reply, (doc. # 29), and plaintiff filed a supplemental brief, (doc. # 40). On July 16, 2014, the court granted defendants' motion for summary judgment. (Doc. # 43).

  On July 17, 2014, defendants submitted a bill of costs. (Doc. # 45). On July 18, 2014, plaintiff filed the instant motion.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal rule of civil procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

Title 28 U.S.C. § 1920 governs the billing of costs. Pursuant to section 1920(4), costs are available for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Section 1920(4) "does not specifically require that the copied document be introduced into the record to be an allowable cost." *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

"Notwithstanding the district court's discretionary authority under federal rule of civil procedure 54(d) to refuse to tax costs in favor of a prevailing party, a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

Further, local rule 54-1(a) provides that "the prevailing party shall be entitled to reasonable costs." LR 54-1(a). Under local rule 54-6(a), "[t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." LR 54-6(a).

## III. Discussion

*A. Motion for retaxation*

Defendants' itemized request includes general copy charges of $93.45. (Doc. # 45). Plaintiff contends that these charges are not taxable because they are not covered by section 1920 or local rule 54-6. (Doc. # 47). Plaintiff further argues that given the court's electronic filing system, copies of the documents described by defendants were not "necessary" under the relevant legal standards above. (Doc. # 47). Finally, plaintiff contends that defendants may not recover the cost of copying discovery documents, as they are not filed with the court and thus are not covered by the language of local rule 54-6. (Doc. # 47).

**James C. Mahan**
**U.S. District Judge**

Defendants' second itemization requests taxation for copies of attachments to defendants' statement regarding removal, (doc. # 11); confidential early neutral evaluation statement; initial disclosures and supplements; motion for summary judgment, (doc. # 26); response to first motion to compel discovery, (doc. # 23); reply to response to motion for summary judgment, (doc. # 29); and supplemental brief, (doc. # 41). (Doc. # 45).

Fees for exemplification and copying are permitted under section 1920(4) for the "physical preparation and duplication of documents." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Defendants' requested costs comport with those typically awarded by courts in this jurisdiction under section 1920(4). *See Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (affirming taxation of costs for photocopies, trial exhibits, and deposition transcripts); *Hammersmith, Inc. v. Taco Bell Corp.*, no. 91-35188, 1992 WL 138661, at *1 (9th Cir. June 22, 1992) (allowing costs of multiple copies for service, filing with court, and documents produced for discovery); *Go-Video, Inc. v. Matsushita*, no. 92-16387, 1993 WL 495232, at *1 (9th Cir. Nov. 26, 1993) (affirming cost award as reasonable where prevailing parties "selected only those papers necessary for their motions, instead of filing copies of their entire archives"); *Gottlieb v. Convergent Techs.*, no. 90-15084, 1991 WL 164258 (9th Cir. Aug. 26, 1991) (allowing taxation of cost of copying documents produced to other parties, rejecting an alternative theory as a "novel and unduly narrow construction").

Further, the court finds that defendants' copying costs were reasonably necessary under local rule 54-1(a). Defendants sought taxation for copies of attachments to their early neutral evaluation statement, initial disclosures, motions, and responses. (Doc. # 45). Under federal rule of civil procedure 26, a party must comply with discovery requests and furnish the opposing party with initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). Similarly, parties subject to early neutral evaluation must submit evaluation statements. LR 16-6(f). Therefore, the costs that defendants incurred in filing these required documents are taxable.

Other attachments for which defendants seek taxation of copying costs are documents that presumably were not in defendants' possession before the filing of this suit. These include copies of documents such as the state court summons in this case and plaintiff's job description

**James C. Mahan**
**U.S. District Judge**

1  questionnaire.  The court finds that these copies were "necessarily obtained for use in the case"
2  and constituted exhibits "necessarily attached to a document required to be filed." 28 U.S.C. §
3  1920(4); LR 54-6(a).  Accordingly, their costs are taxable.

4  It is well-established under section 1920(4) that a document need not be filed with the
5  court to be taxable.  *See Haagen-Dazs Co.*, 920 F.2d at 588.  Accordingly, defendants'
6  attachments to discovery documents are taxable and plaintiff's argument in this regard is without
7  merit.

8  Similarly, the fact that many documents may be electronically filed does not affect
9  whether the costs at issue are taxable.  As previously stated, some of the documents cited by
10 defendants were not filed.  Instead, these documents were presumably provided to plaintiff in
11 hard copy form.  This is corroborated by the certificates of service on certain of plaintiff's
12 exhibits, stating that they were served by mail.  Further, defendants may have been required to
13 pay copying fees to obtain certain documents not in their possession.

14 For the foregoing reasons, the court will deny the motion to retax costs.

15 B.  *Request for stay*

16 Plaintiff alternatively requests that the taxation of costs be stayed pending appeal.  (Doc.
17 # 47).  Plaintiff does not cite any legal authority in support of this request.

18 As the prevailing parties, defendants are entitled to a bill of costs.  Defendants' bill of
19 costs was timely filed pursuant to local rule 54-1(a).  LR 54-1(a) ("A prevailing party who
20 claims such costs shall serve and file a bill of costs and disbursements on the form provided by
21 the Clerk no later than fourteen (14) days after the date of entry of the judgment or decree.").

22 Local rule 54-1(c) further states that "[t]he clerk shall tax the costs not later than fourteen
23 (14) days after the filing of objections or when the time within which such objections may be
24 filed has passed."  Accordingly, the court finds a stay inappropriate.

25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.     Conclusion**

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to retax costs, (doc. # 47), be, and the same hereby is, DENIED.

DATED September 11, 2014.

_____
UNITED STATES DISTRICT JUDGE