1

2

3

4              UNITED STATES DISTRICT COURT

5                    DISTRICT OF NEVADA

6                          * * *

7    MARK J. SCHWARTZ,                    Case No. 2:13-CV-709 JCM (VCF)

8                         Plaintiff(s),              ORDER

9         v.

10   CLARK COUNTY, NEVADA, et al.,

11                       Defendant(s).

12

13        Presently before the court are three motions in limine filed by defendant Clark County,

14   Nevada ("Clark County"). (ECF Nos. 89–91). Plaintiff Mark J. Schwartz ("Schwartz" or

15   "plaintiff") responded. (ECF Nos. 95–97).

16        Also before the court is Schwartz's motion to quash Clark County's designation of persons

17   most knowledgeable to serve as witnesses at trial. (ECF No. 88). Clark County filed a response

18   (ECF No. 93), to which Schwartz replied (ECF No. 94).

19        **I.      Facts**

20        The instant action involves allegations of wrongful termination pursuant to 42 U.S.C. §

21   1983, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment

22   Act ("ADEA"). (ECF No. 2-2).

23        Plaintiff began working for Clark County as an auditor on August 17, 1992. (ECF No. 71-

24   1 at 12). In 2000, plaintiff was promoted to senior management analyst in the Clark Country

25   Business License Department ("BL"). (ECF No. 71-1 at 13). In either 2007 or 2008, plaintiff

26   received an ADA workplace accommodation to adjust the size of his workplace. (ECF No. 71-1

27   at 19). From 2005–09, plaintiff received regular, positive employment evaluations noting his

28   "meritorious" and "exemplary" performance. (ECF No. 71-1 at 16–18).

**James C. Mahan**
**U.S. District Judge**

1    In 2008, Clark County Human Resources ("HR") began to review whether the job title,

2  management analyst, was an appropriate classification and conducted a county-wide "management

3  analyst study" in which plaintiff participated and completed a "job description questionnaire."

4  (ECF No. 71-1 at 20, 45).  Subsequently, in August 2009, HR recommended seventeen (17)

5  possible job title changes for forty-four (44) employees recognized as management analysts.  (ECF

6  No. 71-1 at 45–46).  Pursuant to the management analyst study, three of the five management

7  analysts at BL, excluding plaintiff, received new job titles.  (ECF No. 71-1 at 38–39).

8    In February 2010, the county manager sent defendant Jacqueline R. Holloway

9  ("Holloway"), director of business licensing for Clark County, a "mandate" that instructed her "to

10  do a reduction in force" by dismissing employees to decrease BL's budget by 8 percent.  (ECF No.

11  71-1 at 40).  To comply with the budget reduction, Holloway determined that "between 8 to 12"

12  employees would be dismissed, including a manager of finance, a senior management analyst, a

13  management analyst, a business license agent, an office supervisor, [an] office assistant and an IT

14  . . . support person . . . . [b]ased on [BL's] needs and functions in the department and also functions

15  and duties that could be absorbed by others.  (ECF No. 71-1 at 41–42).

16    Because his job title had not been changed subsequent to the management analyst study,

17  plaintiff was notified on June 18, 2010, that he would be dismissed as senior management analyst

18  on July 6, 2010.  (ECF No. 71-1 at 20).  As a member of a union, SEIU Local 1107, which had

19  made a collective bargaining agreement with Clark County, plaintiff appealed his dismissal

20  pursuant to the process provided under the terms of the agreement.  (ECF No. 71-1 at 15, 23).

21  Upon reviewing plaintiff's "statements and documents and other information," the layoff review

22  committee affirmed plaintiff's layoff.  (ECF No. 71-1 at 24).

23    Subsequently, plaintiff filed the underlying complaint alleging three causes of action: (1)

24  violation of the ADEA; (2) violation of the ADA; and (3) violation of civil rights under § 1983.

25  (ECF No. 2-2).  The court granted defendants Holloway and Clark County's motion for summary

26  judgment  (ECF No. 22), finding, inter alia, that plaintiff failed to raise a genuine dispute of

27  material fact as to whether his termination was motivated by his disability or his age, rather than

28  by legitimate budgetary concerns.  (ECF No. 43).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff appealed (ECF No. 46), and the Ninth Circuit reversed and remanded on May 27, 2016 (ECF No. 58). The Ninth Circuit determined that plaintiff raised a genuine dispute of material fact as to whether his selection for layoff was pretext for unlawful discrimination and that the evidence supporting plaintiff's ADA and ADEA claims raised a triable issue as to his § 1983 claim against defendant Holloway.  (ECF No. 58).

On June 20, 2017, the court granted defendant Holloway's motion for summary judgment as to her qualified immunity on plaintiff's § 1983 claim.  (ECF No. 74).  The clerk entered an amended judgment in favor of defendant Holloway on June 21, 2017.  (ECF No. 77).

Now, Clark County, the remaining defendant, has filed three motions in limine to exclude certain evidence.  (ECF Nos. 89-91).

**II.     Legal Standard**

*1.  Motion in Limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions *in limine* may be used to exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").  "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler*

*v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III. Discussion

#### a. Clark County's motion in limine 1

Clark County's motion in limine 1 seeks to prevent Schwartz from calling two undisclosed witnesses to testify at trial. (ECF No. 89). Fed R. Civ. P. 26(a)(1)(A) requires that a party must disclose the name and contact information of each individual that may be used to support that party's claims or defenses. Further, a party is obligated to supplement these disclosures as the discovery process continues. Fed. R. Civ. P. 26(e)(1). Disclosures under Rule 26(a) are untimely if made after the discovery cutoff. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014).

Under Fed. R. Civ. P. 37(c), if a party fails to provide information or identify a witness required by Rule 26(a) or (e), that party cannot use that witness to supply evidence at trial, unless the failure to disclose was either substantially justified or harmless. Factors the court may consider in determining whether a violation of the discovery deadline was justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Here, at the pretrial conference, Schwartz indicated for the first time that he intended to call T. Ann Aquon Perez ("Perez") and Natalie Thomas ("Thomas") as witnesses. (ECF No. 89). On July 15, 2013, Schwartz made his initial disclosures. *Id.* These disclosures did not list either

Perez or Thomas as potential witnesses. *Id.* Schwartz has not filed any supplemental disclosures since. *Id.* Accordingly, Clark County argues that Schwartz's failure to disclose either Perez or Thomas demands their exclusion pursuant to Rule 37(c). *Id.*

Further, Clark County argues that neither the substantially justified nor harmless exceptions to Rule 37(c) apply here. (ECF No. 89). A late disclosure is not considered harmless if the late disclosure would deprive a party of the opportunity to conduct its own discovery or to take the deposition of a witness. *See Ollier* 768 F.3d at 863; *see e.g., EEOC v. Mattress Firm, Inc.*, No. 2:13-cv-1745-GMN-VCF, 2016 US. Dist. LEXIS 79131, at *4 (D. Nev. June 16, 2016). Clark County argues that it has received no information on Thomas and has thus been unable to conduct any discovery to determine what relevant information Thomas may have to offer. (ECF No. 89).

Next, Clark County argues that a passing reference to another person during a deposition does not satisfy the Rule 26(a)(1) disclosure requirements, nor does it render Schwartz's failure to disclose that witness as harmless under Rule 37(c). *See Ollier*, 768 F.3d at 862—63. Here, Perez's name was mentioned in depositions, but she was never disclosed as a witness and thus never deposed by Clark County. (ECF No. 89). The Ninth Circuit has held that disclosure of a witness after the discovery deadline when the identity of that witness is known throughout depositions amounts to the gamesmanship Rule 37(c) seeks to prevent. *Id.* at 863.

Schwartz responds that Fed R. Civ. P. 26(a)(1)(A)(i) specifically excludes from its disclosure requirements any witness used solely for impeachment purposes. (ECF No. 95). At the pretrial conference, Schwartz alleges that he made clear that Thomas's use as a witness was only for rebuttal purposes and was conditional on certain testimony given by Holloway. *Id.* If Holloway does not testify as to her sister's cerebral palsy at trial, Schwartz contends that he has no intention of calling Thomas as an impeachment witness. *Id.* Accordingly, Schwartz argues use of Thomas as an impeachment witness is proper and should not be barred under rule 37(c)(1). *Id.*

Fed. R. Civ. P. 26(a)(1)(A)(i) is explicit in excepting information used for impeachment purposes only from the Rule's disclosure requirements. Accordingly, the court will permit Thomas to testify to the extent her testimony is used for impeachment purposes only.

1    At the pretrial conference, Schwartz also indicated to Clark County that even though he

2    had not previously disclosed Perez as a potential witness, he would simply call Perez as Clark

3    County's Rule 30(b)(6) witness under the custodians of records/person most knowledgeable

4    ("COR/PMK") designation. (ECF No. 95). Clark County argues that no authority permits

5    Schwartz to select the individual designated as a Clark County's 30(b)(6) designee. (ECF No. 89).

6    Instead, Fed. R. Civ. P. 30 states that "[t]he the named organization must then designate one or

7    more officers, directors, or managing agents, or designate other persons who consent to testify on

8    its behalf; and it may set out the matters on which each person designated will testify."

9    Accordingly, Clark County requests that the court prohibit Schwartz from selecting the individuals

10   that will speak on behalf of Clark County as its Rule 30(b)(6) witness, including Perez.

11   Schwartz argues that because Perez is a member of Clark County's management, Clark

12   County suffers no prejudice or unfair surprise as a result of Schwartz's delayed disclosure of Perez

13   as a witness. (ECF No. 85). Further, Schwartz claims that the untimely disclosure of Perez was

14   not made in bad faith, as he did not learn of Perez's involvement until after the close of discovery.

15   *Id.*

16   While the court agrees that Schwartz lacks the authority to designate Clark County's Rule

17   30(b)(6) witnesses, the failure to disclose Perez as a witness was harmless. While Clark County

18   has not yet deposed Perez, Perez is an employee of Clark County. Accordingly any information

19   Perez could potentially offer as a witness is likely to be known by Clark County and thus unlikely

20   to be prejudicial or harmful.

21   Accordingly, at this stage in the litigation, the court will allow both Thomas and Perez to

22   testify consistent with the foregoing.

23                     **b. Clark County's motion in limine 2**

24   Clark County's motion in limine 2 seeks to prevent any statements by Schwartz's counsel

25   containing beliefs or opinions about whether a witness lied during a deposition. (ECF No. 90). It

26   is improper for counsel to communicate personal beliefs or opinions to a jury, including opinions

27   about a witness's credibility. *See U.S. v. Young*, 470 U.S. 1, 9-10 (1985); *Draper v. Rosario*, 836

28   F.3d 1072, 1084 (9th Cir. 2016). Here, Clark County claims that counsel for Schwartz intends to

**James C. Mahan**
**U.S. District Judge**

present her personal beliefs that Holloway is a perjurer and offered false testimony during her deposition. (ECF No. 90).

The court agrees with Clark County that statements suggesting Holloway committed the crime of perjury should be prohibited. Holloway has not been charged with, nor convicted of perjury for her deposition testimony. Accordingly there is no foundation to label Holloway as a perjurer. Further, labeling Holloway as a perjurer in front of the jury would be highly prejudicial.

However, the court will not prohibit Schwartz's counsel from introducing evidence that Holloway has previously provided inconsistent or contradictory testimony. Pursuant Federal Rule of Evidence 613, prior inconsistent statements can be used to impeach a witness. Additionally, under *Draper*, counsel is "permitted to make inferences and advance 'plausible arguments[s] in light of the record.'" 836 F.3d at 1084 (quoting *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 518 (9th Cir. 2004)). Holloway's statements during her deposition comprise part of the record. Accordingly, the court will allow Schwartz's counsel to introduce evidence of Holloway's prior inconsistent testimony, but will not permit Schwartz's counsel to offer her personal beliefs or opinions as to Holloway's credibility or to label Holloway as a perjurer.

### c. Clark County's motion in limine 3

Clark County requests that the court exclude evidence that proposes a different retirement date other than July 1, 2013. (ECF No. 91). Clark County argues that the date of Schwartz's planned retirement is the starting point for determining the amount that Schwarz might have earned in retirement had he not been laid off. *Id.* Accordingly, any calculation of the total number of damages owed Schwartz depends on his planned retirement date. *Id.*

During discovery, Schwartz did not alter or supplement his disclosures to reflect a retirement date different than July 1, 2013. (ECF No. 91). Clark County argues that under Fed. R. Civ. P. 26(a)(1)(A)(iii), it is has a right to know the basis for and calculation of Schwartz's claim to damages from the outset of the litigation. *Id.* Because Schwartz did not indicate a date other than July 1, 2013, Clark County requests the court exclude evidence as to a different date. *Id.*

1    Clark County also requests the court to exclude evidence of lost monthly Nevada Public

2    Employee Retirement System ("PERS") benefits. (ECF No. 91). As of the close of discovery,

3    Schwartz's disclosures calculated $19,491.53 as the amount of contributions the county would

4    have made to PERS through July 1, 2003. *Id.* However, in January of 2017, Schwartz sent Clark

5    County a new damages calculation claiming a total of $276,645.50 in lost income from PERS

6    covering the remainder of Schwartz's life. *Id.* Clark County contends that this is an irrelevant

7    measure of damages and should be excluded. *Id.*

8        Clark County argues that the appropriate remedy here is reinstatement. (ECF No. 91).

9    Accordingly, evidence regarding Schwartz's purported lost monthly retirement income is not

10   relevant and thus should be excluded. *Id.* Instead, the appropriate measure of damages is the

11   amount of contributions Clark county would have made to PERS had Schwartz remained an

12   employee until his projected retirement date of July 1, 2013. *Id.* The Ninth Circuit has held that

13   reinstatement is the remedy of first resort in discrimination cases such as this one. *See Gotthardt*

14   *v. Amtrak*, 191 F.3d 1148, 1156 (9th Cir. 1999).

15       The court agrees with Schwartz that reinstatement is not necessarily the appropriate remedy

16   in this case. Schwartz is now 71 years old. Given his age and condition, and the length of time

17   since the initial damages calculation and the length of time since he has retired, the court will allow

18   evidence as to Schwartz's lost monthly retirement income. Further, Clark County will have the

19   opportunity at trial to cross-examine Schwartz concerning his requested damages and the

20   calculation of those damages.

21       Lastly, the court is not convinced by Clark County's argument that Schwartz, having not

22   been disclosed as an expert, is precluded from testifying as to his damages. Clark County relies

23   only on a footnote in a 37-year-old Ninth Circuit case and a Third Circuit case for the proposition

24   that the calculation of Schwartz's damages must be achieved through expert testimony. At this

25   stage in the litigation, the court will not bar Schwartz from testifying as to his damages calculation.

26       Accordingly, the court will allow Schwartz to present evidence as to his damages

27   calculation consistent with the foregoing. As Schwartz failed to object to the retirement date, the

28   July 1, 2013 will initially be set as his projected date of retirement.

**James C. Mahan**
**U.S. District Judge**

- 8 -

#### d. Schwartz's motion to quash (ECF No. 88)

Schwartz moves to quash Clark County's designation of persons most knowledgeable ("PMK") to serve as trial witnesses pursuant to Fed. R. Civ. P. 37(c)(1). (ECF No. 88). Schwartz alleges that Clark County failed to timely disclose its PMK witness in advance of the discovery cutoff date as required by Fed. R. Civ. P. 26(a)(1)(A)(i). *Id.* Although Schwartz labeled this motion as a motion to quash, it is a motion in limine in substance. Accordingly, the court will treat it as such.

Fed R. Civ. P. 26(a)(1)(A) requires that a party must disclose the name and contact information of each individual that may be used to support that party's claims or defenses. Disclosures under Rule 26(a) are untimely if made after the discovery cutoff. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014).

Under Fed. R. Civ. P. 37(c), if a party fails to provide information or identify a witness required by Rule 26(a) or (e), that party cannot use that witness to supply evidence at trial, unless the failure to disclose was either substantially justified or harmless. Factors the court may consider in determining whether a violation of the discovery deadline was justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Here, Schwartz argues that the identity of the witnesses was a complete surprise and that trial will be disrupted because the only way to cure the lack of disclosure is to allow Schwartz the opportunity to depose the PMK witness. (ECF No. 88). Further, Schwartz contends that there is no justification for failing to identify witnesses when the witnesses are known and under the control of Clark County, the defendant. *Id.*

As Schwartz failed to satisfy the meet-and-confer requirement of Local Rule 16-3(a), the court will deny Schwartz's motion (ECF No. 88) as premature. LR 16-3(a) requires that a statement be attached to a motion in limine certifying that the parties have conferred and attempted to resolve the issue. The declaration of Schwartz's counsel attached to the instant motion (ECF

**James C. Mahan**
**U.S. District Judge**

1  No. 88) indicates that Schwartz's counsel was seeking to know who Clark County's COR/PMK

2  designees would be.  On January 11, 2018, Clark County provided Schwartz with this information.

3  (ECF No. 93).  However, now that Schwartz has received Clark County's COR/PMK witnesses,

4  he now seeks to exclude these witnesses.  (ECF No. 88).  Further, Clark County's COR/PMK

5  witnesses were listed in the joint pretrial order without objection by both parties.  (ECF No. 93).

6          Because the attached declaration to Schwartz's instant motion certifies that the parties met

7  and conferred regarding the identity of Clark County's COR/PMK witnesses and not the exclusion

8  of these witness as requested in the instant motion, Schwartz's motion will be denied. The court

9  will not presume LR 16-3(a) has been satisfied when the attached declaration certifies something

10  wholly independent of the substance of the motion.

11          **IV.     Conclusion**

12          Accordingly,

13          IT IS HEREBY ORDERED that Clark County's motion in limine 1 (ECF No. 89) is

14  DENIED, consistent with the foregoing.

15          IT IS FURTHER ORDERED that Clark County's motion in limine 2 (ECF No. 90) is

16  GRANTED in part and DENIED in part, consistent with the foregoing.

17          IT IS FURTHER ORDERED that Clark County's motion in limine 3 (ECF No. 91) is

18  GRANTED in part and DENIED, consistent with the foregoing.

19          IT IS FURTHER ORDERED that plaintiff's motion to quash (ECF No. 88) is DENIED.

20          DATED April 4, 2018.

21

22          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**